

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 18, 1962

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

                    Opinion No. WW-1504

                    Re:  Whether, under the pro-
                         visions of Article 3912e,
                         Sec. 7, V.C.S., and the
                         stated facts, a salary
                         warrant should be drawn
Dear Mr. Lindsey:        in favor of the sheriff.

          You have requested the opinion of this office
as to whether the county auditor is authorized to draw a
warrant in favor of the sheriff in view of certain stated
facts and the provisions of Article 3912e, Sec. 7, Vernon's
Civil Statutes.

          Article 3912e, Sec. 7, is quoted in pertinent part
as follows:

               "No warrant shall be drawn on said
          fund or funds in favor of any person in-
          debted to the State, county or to said
          fund or in favor of his agent or assignee
          until such debt is paid."

          The factual situation that gives rise to this present
question is as follows:  The County Auditor has charged that
a deputy sheriff has misappropriated a certain sum of money
and restitution has been made of a portion of these funds.
You ask whether the above-quoted statute operates to prohibit
the county auditor from issuing a salary warrant in favor of
the sheriff while such monies remain unpaid to Jefferson
County.

          Black's Law Dictionary, 4th Ed., defines the word "in-
debtedness" as "the owing of a sum of money upon a certain
and express agreement."  The word "debt" is defined as "a
sum of money due by certain and express agreement; as by bond
for a determinate sum, a bill or note, where the amount is

fixed and specific and does not depend upon any subsequent valuation to settle it." The fact that the county auditor's office has certified that a certain amount is missing from county funds is not sufficient to impose an absolute liability upon the sheriff for such an amount. Thus, we must say that there is no "debt" or "indebtedness" which has been definitely ascertained in this particular fact situation. In the event that a court of competent jurisdiction should enter a final judgment establishing such a definite sum as the liability of the sheriff, then, and only in that event, would a debt arise from this set of circumstances.

Certainly, the sheriff would appear to be in the position of owing the county a sum of money; however, this sum of money cannot by its very nature be sufficiently definite as to permit the operation of Sec. 7 of Article 3912e. See Attorney General's Opinion No. 0-1089 (1939).

SUMMARY

Under the stated facts, Article 3912e, Sec. 7, V.C.S., does not authorize the county auditor to refuse to issue salary warrants to the sheriff, inasmuch as no valid debt in favor of the county exists at this time.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Sam Stone
Albert Pruett
Wm. H. Pool, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore